[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Date of Sentence 30 September 1992 Date of Application 30 September 1992 Date Application Filed 30 September 1992 Date of Decision 23 March 1993
Application for review of sentence imposed by the Superior court, Judicial District of Hartford/New Britain at Bristol — Docket CT Page 4255 No's. CR 92-77685; CR 92-78038; CR 92-78037; CR 92-76704; CR 92-77683; CR 92-77687; CR 92-77688; CR 92-77690; CR 92-76629; CR 92-77689; CR 92-77684.
Thomas Nalband, Esq. for the petitioner
Steven Preleski, Esq. for the State
BY THE DIVISION
In accordance with the sentence review affidavit the petitioner plead to eleven counts of Burglary 3rd in violation of Conn. Gen. Stat. 53a-103; Criminal Mischief 3rd in violation of Conn. Gen. Stat. 53a-117 and Criminal Trespass in violation of Conn. Gen. Stat. 53a-107. The court imposed a sentence of ten years suspended after serving five years with three years probation.
The record shows that the petitioner committed a series of eleven burglaries in ten homes in the Bristol, CT area. Taken in the burglaries were items that could be sold quickly and some items whose personal significance to the owners were greater than their market value.
The attorney for the petitioner brought to the panels attention the alternative sentence plan submitted to the sentencing court. Counsel felt that the plan was stringent and copious and a more productive way to sentence the petitioner who has a drug problem. Noting that many of the victims wanted incarceration of the petitioner he felt that the nature of the offenses, their closeness with each other indicated a severe drug problem that should be addressed through the AIP rather than further incarceration. Counsel argued that the time already served by the petitioner was sufficient to serve the purposes of incarceration. He noted the intelligence of the petitioner and asked the panel to suspend the rest of the sentence and allow the petitioner under the AIP plan to become a productive member of the community.
The petitioner when he addressed the panel admitted that the offenses were very serious and that he did a lot of damage CT Page 4256 to the victims. He stated he committed these crimes while under the influence of drugs. Indicating that he is presently being held under minimum security he felt he has changed his life and he has now found the strength to stay off drugs.
The state when it addressed the panel argued that the nature and number of offenses were very serious and very high. He estimated that approximately seventy thousand plus goods and cash were stolen during the burglaries. He pointed out to the panel that one of the elderly victims was terribly frightened and traumatized by the invasion of his home. He called the sentence fair and asked the panel to affirm the sentencing court.
In reviewing the sentencing transcript we note that the court was asked to impose the AIP plan as an alternative to incarceration. Without comment the court rejected the plan but put some of the recommendations in the period of probation once the petitioner was released from custody. In reviewing the proposed AIP it is an extensive comprehensive alternative, however, the court felt that incarceration was necessary. The sentence imposed was greatly less than the total exposure the petitioner faced. Focusing in on the sentence imposed, as required by Practice Book 942, we simply cannot substitute an AIP for incarceration where we find the sentence appropriate for the offenses committed by the petitioner.
The sentence is affirmed.
Norko, J. Klaczak, J. Purtill, J.
Norko, J., Klaczak, J., and Purtill, J., participated in this decision.